IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
~~CHARLOTTE~~ DIVISION
STATESVILLE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | * |
| | * |
| PLAINTIFF. | * |
| | * |
| vs. | * Civil Action No.: _5:02 CV 80-V_ |
| ROBERT DIAL, CYNTHIA SATTERFIELD, RENE WREN, ARTHUR LADD, CHARLES EDWARDS, | * |
| JENNIFER LAMB, CRAIG MATTISON, JEFFREY PRIVETTE, CHERYL LEYVA, WILLIAM MURPHY, | * |
| CARL MCLEOD, JR., FRANK SULLIVAN, KIMBERLY MAYO, MICHAEL LEE, SANDRA HOLLIDAY, JACK | * |
| HJELTNESS, RHONDA BULLARD, JIMMY LAWRENCE, STEPHANIE MCNEIL, JEFFREY DENT, | * |
| MICHAEL KLONOSIK, DAVID SOUTHERN, PERRY ARRINGTON, MARY HOFFMAN, SHERYL | * |
| BORCHARDT, KELLY CAMERON, KENNETH HERRING, DOUGLAS MILES, RUSSELL PURSELL, | * |
| LINTON THOMPSON, TRACY THOMPSON, STEPHEN BAREFOOT, WAYNE WOODS, JASON MOORE, | * |
| LILLIE YOUNG, PATRICIA HAYES, LILLIAN PHILLIPS, DEIDRE BRYANT, DONNA BAKER, ADA | * |
| ROBERTS, DALE WILKINSON, AND WALTER SPAIN, | |
| | * |
| DEFENDANTS. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR INTERPLEADER,
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Travelers Casualty and Surety Company of America ("Travelers"), a surety company

organized under the laws of the State of Connecticut, with its principal place of business in the State

of Connecticut, for its Complaint for Interpleader, Declaratory Judgment and Injunctive Relief, avers

1

Case 5:02-cv-00080-GCM    Document 1    Filed 07/16/02    Page 1 of 15

as follows:

## Parties

I.

Made defendants herein are:

1. Robert Dial, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

2. Cynthia Satterfield, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

3. Rene Wren, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

4. Arthur Ladd, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

5. Charles Edwards, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

6. Jennifer Lamb, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

7. Craig Mattison, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

8. Jeffrey Privette, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

2

9. Cheryl Leyva, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

10. William Murphy, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

11. Carl McLeod, Jr., on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

12. Frank Sullivan, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

13. Kimberly Mayo, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

14. Michael Lee, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

15. Sandra Holliday, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

16. Jack Hjeltness, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

17. Rhonda Bullard, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

18. Jimmy Lawrence, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

Case 5:02-cv-00080-GCM    Document 1    Filed 07/16/02    Page 3 of 15

19. Stephanie McNeil, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

20. Jeffrey Dent, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

21. Michael Klonosik, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

22. David Southern, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

23. Perry Arrington, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

24. Mary Hoffman, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

25. Sheryl Borchardt, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

26. Kelly Cameron, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

27. Kenneth Herring, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

28. Douglas Miles, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

4

29. Russell Pursell, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

30. Linton Thompson, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

31. Tracy Thompson, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

32. Stephen Barefoot, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

33. Wayne Woods, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

34. Jason Moore, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

35. Lillie Young, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

36. Patricia Hayes, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

37. Lillian Phillips, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

38. Deidre Bryant, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

5

39. Donna Baker, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

40. Ada Roberts, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

41. Dale Wilkinson, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

42. Walter Spain, on information and belief, a person of the full age of majority domiciled in the State of North Carolina.

(Hereinafter collectively referred to as the "Defendants").

## Jurisdiction and Venue

II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as this suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

III.

Venue is properly placed in this Court pursuant to 28 U.S.C. §§ 1391 and 1397.

## Background

IV.

Travelers is a surety company in the business of providing statutorily mandated bonds for selected entities.

V.

American Homestar of North Carolina, Inc. ("Homestar"), sought a manufactured home

6

manufacturer bond as required pursuant to N.C. St. § 143-143.8, *et seq.*

VI.

Travelers issued a Manufactured Housing Manufacturer's Bond number S101119223 BCM (the "Bond"), naming a predecessor of Homestar as principal and the North Carolina Manufactured Housing Board (the "Board") as obligee. A copy of the Bond is attached as Exhibit "A."

VII.

On or about May 16, 2000, the term of the Bond was extended to June 30, 2001, and the named principal was listed as Homestar. A copy of the extension of the Bond is attached as Exhibit "B".

VIII.

The penal sum of the Bond for the satisfaction of claims is $100,000.00.

IX.

Travelers has received claims from each of the Defendants alleging that Homestar has failed to honor its warranty and/or other obligations, and seeking payment under the Bond.

X.

On information and belief, the Defendants' claims exceed the penal sum of the Bond.

## COUNT ONE — INTERPLEADER AND INJUNCTIVE RELIEF

XI.

Travelers incorporates by reference all allegations of paragraphs I through XI, above.

XII.

Contemporaneously with this Complaint, Travelers is tendering into the registry of the Court

7

the penal sum on the Bond, said penal sum being $100,000.00.

XIII.

On information and belief, the aggregate of the claims against the Bond exceed the Bond penalty.

XIV.

Pursuant to 28 U.S.C. § 2361, Travelers is entitled to process requiring the Defendants to interplead their claims against Travelers and the Bond in this action only.

XV.

Travelers is further entitled to preliminary and permanent injunctive relief restraining the Defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond.

## COUNT TWO — DECLARATORY JUDGMENT

XVI.

Travelers incorporates by reference all allegations of paragraphs I through XVI, above.

XVII.

Travelers is entitled to a declaratory judgment discharging Travelers from any and all obligations under the Bond and canceling the Bond as a result of Travelers' deposit of the penal sum of the Bond into the registry of the Court.

WHEREFORE, Travelers prays:

1. That each of the Defendants in interpleader be restrained and enjoined from instituting or prosecuting any action against Travelers for the recovery of any amount

8

under the Bond;

2. That the Court require the Defendants to interplead their claims against defendant in this action only, and that the Court determine their rights to the penal sum of the Bond as between each other;

3. For judgment in interpleader and for declaratory judgment that the Bond is discharged and canceled as a result of plaintiff's deposit of said penal sum into the registry of the Court; and

4. For such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

Susan L. Hofer (N.C. Bar No. 29717)
Attorney for Plaintiff
**Dean & Gibson, L.L.P.**
Suite 900 Cameron Brown Building
301 South McDowell Street
Charlotte, North Carolina 28204-2686
(704) 372-2700

9

IOMH-6                                          BOND FORM 100

# MANUFACTURED HOUSING MANUFACTURER'S BOND

• 

#71S101119223

WE, _____Heartland Homes_____

as principal, located at __235 Warehouse Rd., Henderson NC_____

and _The Aetna Casualty and Surety Company_____(surety) of

Hartford CT 06156_____(address) a

corporation incorporated under the laws of the State of __Connecticut_____

_____ and duly licensed to transact a surety business

in the State of North Carolina in the sum of _One Hundred Thousand & no/100-------
dollars for which payment we bind ourselves and our legal representatives jointly and

severally.

If the principal and all his agents and employees shall faithfully and honestly perform
all their obligations under warranty on all manufactured homes sold within the period covered
by this bond regardless of when such homes were manufactured and on all manufactured
homes manufactured during the period covered by this bond regardless of when such homes
are sold, and their duties and responsibilities as required by Article 9A of Chapter 143 of
the North Carolina General Statutes (143-143.8 et seq.) and regulations adopted pursuant
to that Article, then this obligation shall be null and void; otherwise, it shall be in full force
and effect.

It is expressly provided that:

1.  This bond is executed by the said principal and surety to enable the principal to obtain a license as a manufactured home manufacturer;

EXHIBIT

A

2. Any buyer who sustains any loss or damage by reason of any act or omission covered by this bond may, in addition to any other remedy that he may have, bring an action in his own name on this bond for the recovery of damages sustained by him.

3. The bonding company must provide written notice at least 60 days prior to the cancellation of this bond to the North Carolina Manufactured Housing Board, P. O. Box 26387, Raleigh, North Carolina 27611.

4. This bond must remain on file with the North Carolina Manufactured Housing Board until such time as the Manufactured Housing Board may determine that no claims exist against the bond.

5. This bond is in full force and effect as to all manufactured homes sold to Buyers as defined in G.S. 143-143.9(2) from July 1, 19_97_ through June 30, 19_98_ regardless of when such homes were manufactured and as to all homes manufactured from July 1, 19_97_ through June 30, 19_98_ regardless of when such homes are sold to Buyers as defined in G.S. 143-143.9(2).

6. It is further understood and agreed that this bond shall be open to successive claims up to the face value of the bond. The surety shall not be liable for successive claims in excess of the bond amount, regardless of the number of claims made against the bond or the number of years the bond remains in force.

-3-

In Witness Whereof, the above bounden parties have executed this instrument under their several seals, this the 26th day of June , 19 97 , ne name and corporate seal of each corporate party being hereto affixed and these resents duly signed by its undersigned representative, pursuant to authority of its governing body.

<br>

_____

**Signature of Principal**

_____

**Title**

**Surety by** _____

(signature)

The Aetna Casualty and Surety Co.
Tim W. Driskill
_____

(printed name)

**Title** Attorney-in-Fact

**Address** P O Box 52628, Tulsa OK 74152

_____

**N.C. Resident Agent**

_____

**Address**

**Power of Attorney Attached**

**CONTINUATION CERTIFICATE**
**FIDELITY OR SURETY**
**BONDS/POLICIES**

**Travelers Casualty and Surety Co of America**
**Hartford, Connecticut  060156**

**In Consideration of**    $885.00          **Dollars renewal premium,**

**the term of Bond**    40S 101119223 BCM      **In the amount of**    $100,000.00          **issued**

**on behalf of**      American Homestar of North Carolina, Inc.

**located at**    235 Warehouse Road, Henderson, North Carolina

**In favor of**    North Carolina Manufactured Housing Board

**In connection with**      Manufactured Home Manufacturer

**is hereby extended to**      06-30-2001      **subject to all the covenants and conditions and of said bond/policy**

This certificate is designed to extend only the life of the bond/policy.  It does not increase the amount which may be payable thereunder.  The aggregate liability of the Company under the said bond/policy together with this certificate shall be exactly the same as, and no greater than it would have been, if the said bond/policy had originally been written to expire on the date to which it is now being extended.

Signed, sealed & dated (enter below)    [X] THE TRAVELERS CASUALTY AND SURETY
                    05/16/00                                            COMPANY OF AMERICA

By_____
                              **Marvin Loyd**, Attorney-in-Fact

F-58-M

**EXHIBIT**

**B**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### CHARLOTTE DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | * | |
| | * | |
| PLAINTIFF. | | |
| | * | |
| vs. | | |
| | * | Civil Action No.: _____ |
| ROBERT DIAL, CYNTHIA SATTERFIELD, RENE WREN, ARTHUR LADD, CHARLES EDWARDS, JENNIFER LAMB, CRAIG MATTISON, JEFFREY PRIVETTE, CHERYL LEYVA, WILLIAM MURPHY, CARL MCLEOD, JR., FRANK SULLIVAN, KIMBERLY MAYO, MICHAEL LEE, SANDRA HOLLIDAY, JACK HJELTNESS, RHONDA BULLARD, JIMMY LAWRENCE, STEPHANIE MCNEIL, JEFFREY DENT, MICHAEL KLONOSIK, DAVID SOUTHERN, PERRY ARRINGTON, MARY HOFFMAN, SHERYL BORCHARDT, KELLY CAMERON, KENNETH HERRING, DOUGLAS MILES, RUSSELL PURSELL, LINTON THOMPSON, TRACY THOMPSON, STEPHEN BAREFOOT, WAYNE WOODS, JASON MOORE, LILLIE YOUNG, PATRICIA HAYES, LILLIAN PHILLIPS, DEIDRE BRYANT, DONNA BAKER, ADA ROBERTS, DALE WILKINSON, AND | * * * * * * * * * * | |

ANGEL CHALK, ETTA JENKINS, MAXIE        *
MULLINS, TRACY THOMAS, AND ROBERTA
SPENCER,        *

           DEFENDANTS.        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT

STATE OF OKLAHOMA

COUNTY OF __TULSA__

BEFORE ME, the undersigned notary, personally appeared:

MIKE DILL

who, after being duly sworn, testified as follows:

1. He is the Bond Claim Manager for Travelers Casualty and Surety Company of America.

2. He has read the foregoing Complaint for Interpleader, Declaratory Judgment and Injunctive Relief and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____Mike Dill_____

SWORN TO AND SUBSCRIBED
BEFORE ME, THE UNDERSIGNED
NOTARY, THIS _5th_ DAY OF
_JUNE_, 2002.

_____
NOTARY PUBLIC